UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NUMBER |
| **CHARIS HOSPITAL, L.L.C.** | **01-10616** |
| DEBTORS | CHAPTER 11 |
| | |
| **BANK ONE , N.A.** | ADV. NUMBER |
| PLAINTIFF | **02-1079** |
| V. | |
| **WILLIAM D. CARROLL, JR.** <br> **CAROLYN K. CARROLL** | |
| DEFENDANTS | |
| **CALMED CONSULTING, INC.,** <br> **Liquidator for Charis Hospital, L.L.C.** | |
| INTERVENOR | |

CONSOLIDATED WITH

| | |
|---|---|
| IN RE: | NUMBER |
| **WILLIAM D. CARROLL, JR** <br> **CAROLYN K. CARROLL** | **01-12330** |
| DEBTORS | CHAPTER 11 |

**WILLIAM D. CARROLL, JR.**  ADV. NUMBER
**CAROLYN K. CARROLL**

**02-1004**

PLAINTIFFS

V.

**BANK ONE, N.A., VINSON J. KNIGHT;**
**JACK STOLIER; SULLIVAN, STOLIER & RESOR;**
**XYZ INSURANCE COMPANY**

DEFENDANTS

**CALMED CONSULTING, INC.,**
**Liquidator for Charis Hospital, L.L.C.**

INTERVENOR

## MEMORANDUM OPINION

This matter came before the Court on a Motion for Remand filed by William and Carolyn Carroll (the "Carrolls"), in Adversary No. 02-1079. The motion was heard by the Court on September 6, 2002. After considering the statements of counsel at the hearing, the memoranda submitted and the applicable law, the Court will grant the motion and remand the case to state court.

Bank One, Louisiana, N.A. ("Bank One") sued the Carrolls on May 15, 2002[1] on their

---

[1] The Carrolls themselves were chapter 11 debtors in joint case no. 01-12330, which was dismissed May 1, 2002, only weeks before Bank One filed suit against them.

personal guaranties of lines of credit owed by Charis Hospital, L.L.C. ("Charis"), former chapter 11 debtor,[2] and two affiliates,[3] and for recognition of a mortgage and security interest granted by the Carrolls to secure the bank debt. The Carrolls answered and reconvened for damages, attorneys fees and costs based on contract and tort theories. CalMed Consulting, Inc. ("CalMed") the liquidator for Charis, then intervened in the lawsuit and removed it to this Court from the Twenty-Third Judicial District Court for Ascension Parish, Louisiana. CalMed contended that the Carrolls' claims and defenses in fact belong to Charis and CalMed as its liquidator, and that the liquidator was an indispensable party to the lawsuit. The liquidator's Notice of Removal also alleged that the litigation was "related to" the Charis bankruptcy case, and therefore was within this Court's jurisdiction under 28 U.S.C. §1334.

The Carrolls' motion to remand the case to state court argues that the liquidator is acting as a plaintiff in the litigation, and therefore is barred by 28 U.S.C. §1441 from removing the case. The Carrolls also claim that, having chosen to intervene in the state court, CalMed is bound by its choice of forum.

Section 1452 of title 28 governs removal to and remand from bankruptcy courts. Section 1452(b) provides in relevant part that a court to which a claim is removed under 1452(a) "may remand such claim or cause of action on any equitable ground." The section allows any party[4] to remove certain

---

[2]   This Court confirmed a liquidating plan for Charis in case no. 01-10616 on September 28, 2001.

[3]   The two affiliated entities are Charis Partial Hospital, Inc. and Charis Partial Hospital Northside, Inc.

[4]   Under 28 U.S.C. §1452, any party may remove a state court claim, provided the bankruptcy court has jurisdiction over the removed claim. *Creasy v. Coleman Furniture Co.*, 763 F.2d 656 (4th Cir. 1985). Under 28 U.S.C. §1441, only

3

claims and causes of action to the federal district court for the district in which the action is pending, but *only* if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. §1334. Accordingly, the first step in analysis of the Carrolls' motion is to determine whether the district court – and hence this Court – has jurisdiction. Absence of jurisdiction is a fundamental problem that cannot be cured by consent, or a plan provision purporting to confer jurisdiction on the bankruptcy court, as does the confirmed plan in the Charis case. *Matter of U.S. Brass Corporation*, 301 F.3d 296, 303 (5th Cir. 2002) (source of bankruptcy court jurisdiction is 28 U.S.C. §§1334 and 157, and not Bankruptcy Code or terms of confirmed plan).

The Fifth Circuit has made plain that "bankruptcy court jurisdiction does not last forever...." *Matter of Craig's Stores of Texas, Inc.*, 266 F.3d 388, 389 (5th Cir. 2001). In *Craig's Stores*, the court followed other courts of appeal in holding that after confirmation, the debtor's estate – and bankruptcy jurisdiction – ceases to exist, other than for matters pertaining to the implementation or execution of a plan. *Id.* at 390 (citations omitted). *See also U.S. Brass Corporation*, 301 F.3d at 304.

Bank One's lawsuit and the Carrolls' reconventional demand were filed well after confirmation of the plan in the Charis case on September 28, 2001. Moreover, the reconventional demand asserts claims based on alleged acts that took place, if at all, before Charis's March 22, 2001 chapter 11 filing. The claims in the reconventional demand are not core proceedings, nor are they accurately characterized as matters pertaining to the implementation or execution of the confirmed plan. CalMed itself described them as "related" in its notice of removal, an unambiguous indication that the claims fall within

---

defendants may remove cases to a federal court.

4

the district court's "related to" jurisdiction under 28 U.S.C. §1334.

CalMed reasons that if the Carrolls' theories are sound (and further premised on the assumption that the claims against Bank One actually belong Charis), the liquidator either will recover on the claims, or realize a reduction of Bank One's claim. Thus, it argues that the outcome may affect the distribution to Charis's creditors, which brings the action within the court's jurisdiction. *See Matter of Wood*, 825 F.2d 90 (5th Cir. 1987).[5] This proves too much, because the same argument could be made to support jurisdiction after confirmation over any post-confirmation dispute involving a claim or contract. *Compare Craig's Stores* at 391. In light of *Craig's Stores,* the fact that the state court claims may affect distribution to the Charis creditors is not alone sufficient to bring them within the court's bankruptcy jurisdiction under 28 U.S.C. §1334, now that Charis's plan has been confirmed.

The Carrolls also moved for recovery of their costs and expenses, including attorney fees, pursuant to 28 U.S.C. §1447(c)[6]. The statute gives a court discretion to award fees and costs on remanding an action, but does not command that it do so in all cases. The propriety of removal remains the central factor in determining whether to impose fees on the party that removed the case. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993) (vacating district court's award of fees on remand under 28 U.S.C. §1447(c)). Jurisdiction over post-confirmation claims often is less than obvious, and on the facts of this

---

[5] The liquidator does not explain how it can pursue the claims against Bank One given the confirmed plan, which omits any reference to a challenge to the Bank One claim. *See Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir. 1992)(if material claims against creditor that are known before plan confirmation are not addressed in the confirmed plan, the plan bars a later actions on those claims as a result of res judicata).

[6] The Supreme Court held in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494 (1995) that 28 U.S.C. §§1452 and 1447 both apply to removals and remands in bankruptcy.

case the Court will not award attorney fees against the liquidator for concluding that this Court had jurisdiction and removal was proper.

For these reasons, the Court will enter a separate order remanding Bank One's lawsuit and the Carrolls' reconventional demand to state court, and denying the Carrolls' request for costs and attorneys fees.

Baton Rouge, Louisiana, December 5, 2002.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE